# UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BONNIE WISDOM,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,; and<br>DOE 1-5<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in the activity alleged herein against Plaintiff while Plaintiff so resided.

## PARTIES

3. Plaintiff, BONNIE WISDOM (hereinafter "Plaintiff" or "Ms. Wisdom"), is a natural person residing in Rockwall, Texas. Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., (hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 120 Corporate Boulevard in Norfolk, Virginia. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants PORTFOLIO RECOVERY ASSOCIATES, L.L.C. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In approximately January of 2012 Defendants began contacting Ms. Wisdom by telephone in an attempt to collect a consumer debt alleged owed by Ms. Wisdom.

6. Defendants called Ms. Wisdom over 80 times between January 2012 and February 2013. Defendants would ring Ms. Wisdom's phone but fail to leave her messages.

7. On the occasions in which Ms. Wisdom did answer Defendants' calls, Defendants' agents would fail to identify themselves, state where they were calling from, or advise Ms. Wisdom as to the nature of their call. The dates of such calls included, but are not

limited to, those made on or about January 24, February 23, 27, March 1, and March 7, 2013. Being unable to illicit a response as to Defendants' identify, Ms. Wisdom would terminate the call. Ms. Wisdom was able to determine the source of the calls only after researching the phone numbers from which Defendants' calls were placed. Defendants continued to call Ms. Wisdom from multiple numbers, making it difficult or impossible for Ms. Wisdom to screen her calls.

8.   Ms. Wisdom, harassed and unable to cope with Defendants' repeated anonymous calls, obtained counsel with Centennial Law Offices.

## CAUSES OF ACTION

### COUNT I

9.   Plaintiff re-alleges paragraphs 1 through 8, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d as follows: The volume and nature of Defendants' calls constitute conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

### COUNT II

10.   Plaintiff re-alleges paragraphs 1 through 8, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d(6) and 1692e(11) with regards to Plaintiff as follows: During various telephonic communications with Plaintiff, Defendants failed to provide their names, disclose that they were calling from Portfolio Recovery Associates, or state that the calls were from a debt collector in an attempt to collect a debt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,155.00 in legal costs incurred in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date:  January 23, 2014

                                          s/Robert Amador
Robert Amador, Esq. (CA State Bar # 269168)
Attorney for Plaintiff Bonnie Wisdom
(Attorney-in-charge; Pro Hac Vice)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com