UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BONNIE WISDOM, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:14-CV-299-BF |
| § | |
| PORTFOLIO RECOVERY ASSOCIATES, § | |
| LLC and Doe 1-5, § | |
|     Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Portfolio Recovery Associates' ("Defendant") Motion for Summary Judgment [D.E. 21]. For the following reasons, the motion is GRANTED.

## BACKGROUND

Plaintiff Bonnie Wisdom ("Plaintiff") filed this suit against Defendant Portfolio Recovery Associates, LLC ("Defendant") and Doe 1-5 (collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act, Title 15, United States Code, Section 1692, *et seq*. ("FDCPA"). *See* Compl. [D.E. 1 at 1]. Plaintiff contends that Defendants began contacting her by telephone beginning approximately January of 2012 in an attempt to collect a consumer debt she allegedly owed. *See id.* [D.E. 1 at 2]. Plaintiff contends that Defendants called her over 80 times between January 2012 and February 2013. *See id.* [D.E. 1 at 2]. Plaintiff contends that on the occasions she answered Defendants' calls, Defendants failed to identify themselves, state where they were calling from or advise her as to the nature of the calls. *See id.* [D.E. 1 at 2]. Plaintiff contends that such calls included, but were not limited to those made on or about January 24, February 23, February 27, March 1, and March 7 of 2013. *See id.* [D.E. 1 at 2-3]. Plaintiff contends that she terminated the calls from Defendants because she was unable to illicit a response as to Defendants' identity. *See id.* [D.E.

1 at 3]. Plaintiff contends that she was able to determine the source of the calls only after researching the telephone numbers Defendants called from. *See id.* [D.E. 1 at 3]. Plaintiff contends that Defendants continued to call her from multiple numbers making it difficult for her to screen her calls. *See id.* [D.E. 1 at 3]. Plaintiff contends that she eventually obtained counsel because she was unable to cope with Defendant's repeated anonymous calls and harassment. *See id.* [D.E. 1 at 3]. Plaintiff contends that Defendants violated Title 15, United States Code, Section 1692d ("Section 1692d") due to the volume and nature of Defendants' calls, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, and violated Title 15, United States Code, Sections 1692d(6) ("Section 1692d(6)") and 1692e(11) ("Section 1692e(11)") because Defendants failed to provide their names, disclose that they were calling from Portfolio Recovery Associates, or state that the calls were from a debt collector attempting to collect a debt. *See id.* [D.E. 1 at 3].

On October 3, 2014, Defendant filed its Motion for Summary Judgment arguing that it was in full compliance with the FDCPA while attempting to collect on Plaintiff's accounts and that most of the complained of activity took place beyond the 1 year statute of limitations imposed by the FDCPA. Def.'s Br. [D.E. 21 at 4]. Since the filing of Plaintiff's Complaint on January 24, 2014, Plaintiff has not served Defendants Doe 1-5.

## STANDARD OF REVIEW

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902

2

(5th Cir. Sept. 3, 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

### Statute of Limitations

Defendant argues that because Plaintiff filed her Complaint on January 24, 2014, the cutoff date for any FDCPA claims is January 25, 2013 and any claimed violations that occurred prior to January 25, 2013 are not actionable. *See* Def.'s Br. [D.E. 21 at 6]. Defendant contends that since January 25, 2013, Defendant placed 33 calls to Plaintiff, 32 of those calls were not answered, and the one call that was answered contained one sentence from the caller and no response from the recipient. *See id.* [D.E. 21 at 6]. Defendant contends that it committed no FDCPA violations at any time while attempting to collect on Plaintiff's account, including the short period of time that is

3

within the statute of limitations. *See id.* [D.E. 21 at 6]. In her response, Plaintiff argues that the statute of limitations does not bar Plaintiff's claims because under the "continuous violation doctrine," if there is a pattern of conduct, the suit is considered timely if the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA and the entire course of conduct is at issue. *See* Pl.'s Br. [D.E. 25 at 5]. Plaintiff argues that in the case at bar, it is undisputed that Defendants' calls continued through March 2013, a date that is well within the statute of limitations. *See id.* [D.E. 25 at 6].

> District courts are not of a single view as to how the one-year statute of limitations for the FDCPA applies to a course of conduct, some of which occurred within the limitations period and some of which preceded it. . . . The Fifth Circuit has not directly addressed this issue. . . . The vast majority of federal cases that have considered the issue have found that for statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis. . . . Under the majority approach in FDCPA claims, the argument that a single act, within the limitations period, allows recovery not only for that act but also for all acts relating to the same debt and debt-collection efforts, no matter how long ago they occurred, is unpersuasive. Most courts have confined such an application of the continuous violation rule to the employment discrimination context.

*Arvie v. Dodeka, LLC*, Civ. Action No. H-09-1076, 2010 WL 4312907, at *7-9 (S.D. Tex. Oct. 25, 2010) (internal quotations and alterations omitted) (citing *Joseph v. JJ MacIntyre Cos.*, 281 F. Supp. 2d 1156, 1159 (N.D. Cal. 2003); *Murphy v. MRC Receivables Corp.*, No. 06-299-CV-W-NKL, 2007 WL 148823, at *2-3 (W.D. Mo. Jan.12, 2007); *Tucker v. Mann Bracken, LLC*, Civil No. 1:08-CV-1677, 2009 WL 151669, at *2-4 (M.D. Pa. Jan.21, 2009); *Solomon v. HSBC Mortg. Corp.*, No. 09-6293, 2010 WL 3069699, at *3 & n.3 (10th Cir. Aug. 6, 2010); *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301-02 (6th Cir. 2008); *Brandon v. Fin. Accounts Servs. Team, Inc.*, 701 F. Supp. 2d 990, 995 (E.D. Tenn. 2010); *Craig v. Meyers*, No. C-1-09-31, 2009 WL 3418685, at *4 (S.D. Ohio Oct.19, 2009); *Ehrich v. RJM Acquisitions, LLC*, No. 09 CIV. 2696 (BMC) (RER), 2009 WL

4545179, at *2 (E.D.N.Y. Dec. 4, 2009); *Jones v. Baugher*, 689 F. Supp. 2d 825, 829-30 (W.D. Va. 2010); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008); *Ortiz v. Accounts Receivable Mgmt., Inc.*, No. 09-80124-CIV, 2010 WL 547910, at *2 (S.D.Fla. Feb.12, 2010); *Pittman v. J.J. MacIntyre Co.*, 969 F. Supp. 609, 611 (D. Nev. 1997); *Puglisi v. Debt Recovery Solutions, LLC*, No. 08-CV-5024, 2010 WL 376628, at *3 (E.D.N.Y. Jan.26, 2010). *See also Coleman v. Bank of New York Mellon*, 3:12-CV-4783-M (BH), 2014 WL 3827493, at *11 n.12 (N.D. Tex. Aug. 4, 2014) ("Courts have held that to calculate the limitations period, discrete violations of the FDCPA should be analyzed on an individual basis. . . . Here, Plaintiff alleges generally that Defendants violated the FDCPA by attempting to collect on a debt that had already been paid, and without first verifying the debt. [] Because she does not specify the date(s) on which Defendants' discrete violations occurred, it is unclear from the face of the complaint when the limitations period began to run.") (citations and internal quotations omitted). Having considered the foregoing, the Court will not consider Defendant's alleged conduct that took place prior to January 24, 2013 for the purposes of this lawsuit.

## FDCPA Claims

The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351-52 (5th Cir. 2002) (citation omitted). Among other conduct, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. §§ 1962e(8), 1962f

(West 2011). Section 1692d(6) states the following:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . .
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6). Section 1692e(11) states as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . .
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

Defendant argues that Plaintiff's allegations that Defendant violated Sections 1692d, 1692d(6), and 1692e(11) fail because Plaintiff failed to put forth evidence to support her claims and because Plaintiff's FDCPA claims fail as a matter of law. *See* Def.'s Br. [D.E. 21 at 6-7]. Defendant argues that it did not have an opportunity to provide meaningful disclosure of its identity because out of the 33 calls placed within the statute of limitations, 31 ended without contact and without a message being left. *See id.* [D.E. 21 at 12]. Furthermore, because one call resulted in the caller simply asking for Plaintiff and Plaintiff giving no response before the call is disconnected and one other call resulted in a recording with no dialogue and 6 seconds of dead air before the call is

disconnected, Plaintiff failed to put forth evidence demonstrating a violation of Section 1692d(6). *See id.* [D.E. 21 at 12]. Defendant argues that it would have been impossible for anyone to provide a meaningful disclosure of the caller's identity without Plaintiff actually answering the telephone. *See id.* [D.E. 21 at 12]. Defendant further argues that Plaintiff does not provide specific dates for the calls she alleges violated Section 1692e(11) and there is no evidence showing that Plaintiff actually answered Defendant's calls or that Defendant left a message within the statute of limitations period. *See id.* [D.E. 21 at 13-14]. In addition, Defendant argues that Plaintiff does not allege that any of the communications she received from Defendant constituted an "initial" communication as described by Section 1692e(11) nor does she provide evidence showing that any initial communication did not include the statutory "mini-miranda." *See id.* [D.E. 21 at 13]. Defendant argues that without evidence that Plaintiff actually answered Defendant's calls or that Defendant left voice recordings that contained a message, Plaintiff's Section 1692d(6) and 1692e(11) claims cannot survive summary judgment. *See id.* [D.E. 21 at 12]. In her response, Plaintiff argues that there remains a triable issue of fact to determine if the volume and nature of Defendant's calls establish conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff. *See id.* [D.E. 25 at 9]. Plaintiff contends that the reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury. *See id.* [D.E. 25 at 9].

In support of her argument that there remains a genuine issue of material fact, Plaintiff points to her testimony set out in her affidavit. *See* Aff. [D.E. 25-1]. Defendant objects to the admissibility of Plaintiff's affidavit. *See* Def.'s Reply [D.E. 26]. Defendant's objections aside, even if the Court considers the content of Plaintiff's affidavit and construes the evidence in Plaintiff's favor, Plaintiff still fails to demonstrate that there is a genuine issue of material fact with respect to her Section

1692d(6) and 1692e(11) claims. In her affidavit, Plaintiff states that from approximately January 2012 through February 2013, Defendant placed over 80 calls to Plaintiff. *See* Aff. [D.E. 25-1 at 1]. Pursuant to the discussion above, the Court only considers individual calls made within the statute of limitations period beginning January 24, 2013. Plaintiff specifies that violations occurred on January 24, February 23, February 27, March 1, and March 7, 2013. *See id.* [D.E. 25-1 at 3]. During these calls, Plaintiff contends that the caller asked to speak with her but would not provide her with answers as to why they were calling or who they were and only insisted in knowing whether Plaintiff was Bonnie. *See id.* [D.E. 25-1 at 3]. Plaintiff states that she would "just hang up the phone" because the callers would not provide her with the information requested. *See id.* [D.E. 25-1 at 3]. On other occasions, Plaintiff states that she would just hang up the phone after realizing it was Defendant calling, which would usually occur after they asked for Bonnie in a way Plaintiff recognized or after Plaintiff was asked if she was Bonnie again without answering her question as to who was calling. *See id.* [D.E. 25-1 at 3]. Because Plaintiff does not identify the dates of the other alleged violations, the Court is unable to ascertain whether the conduct falls within the statute of limitations.

      Having considered the foregoing, the Court is not able to conclude that there is a genuine issue of material fact with respect to Plaintiff's FDCPA claims given that the conduct described by Plaintiff on the five dates specified could not be construed by a reasonable fact finder as "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Further, as Plaintiff concedes, she hung up on Defendant thereby precluding Defendant from disclosing its identity or purpose of its call. It is reasonable for Defendant to determine whether the person on the call is the debtor prior to engaging in its debt collection efforts by disclosing its identity and the purpose of the call. The law does not require and Plaintiff does not

point to any case law supporting her position that the debt collector is required to disclose its identity and purpose of the call even before determining whether the debtor is in fact the person on the call. Because the evidence Plaintiff points to does not raise a genuine issue of material fact with respect to her FDCPA claims, Defendant's summary judgment motion will be granted.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment [D.E. 21] is GRANTED.

**SO ORDERED**, this 24th day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE